**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **DAVID CASAS AND** | § | **CIVIL ACTION NO:** |
| **DIANA CASAS** | § | |
| | § | |
| *Plaintiffs* | § | |
| **v.** | § | |
| | § | |
| **JAYCO, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

<u>**COMPLAINT**</u>

### I.    Parties

1.      Plaintiffs, DAVID CASAS and DIANA CASAS, are individuals that now and have been at all times a citizens of the state of Texas.

2.      Defendant, JAYCO, INC., hereinafter "JAYCO," is an Indiana corporation and citizen of the state of Indiana with its principal place of business located in the state of Indiana and is a warrantor of the recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

JAYCO's agent for service of process is CT Corporation System, 334 North Senate Avenue, Indianapolis, IN, 46204.

### II.    Jurisdiction

4.      This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and all Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court has jurisdiction over this lawsuit because the suit arises under the

-1-

Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.    Venue

6.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

Venue is also proper in this district under Tex. Bus. & Com. Code §17.56.  VENUE. An action brought under this subchapter may be brought:

(1)    in any county in which venue is proper under Chapter 15, Civil Practice and Remedies Code;  or

(2)    in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

Venue is also proper in this district under Tex. Bus. & Com. Code §15.033.  Breach of Warranty By Manufacturer:

A suit for breach of warranty by a manufacturer of consumer goods may be brought in any county in which all or a substantial part of the events or omissions giving rise to the claim occurred, in the county in which the manufacturer has its principal office in this state, or *in the county in which the Plaintiffs resided at the time the cause of action accrued*.

### IV.    Conditions Precedent

6.    All conditions precedents have been performed or have occurred.

## V.    Facts

### A.    The Transaction

7.      On May 26, 2022, Plaintiffs purchased a new 2022 JAYCO HIGHLAND RIDGE RV bearing VIN 58TCH0BV4N3W33052, hereinafter "HIGHLAND RIDGE," from EXPLOREUSA.

The "HIGHLAND RIDGE," was purchased primarily for Plaintiffs's personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

8.      The sales price of the HIGHLAND RIDGE, was $121,969.00.  Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.   See ***Hughes v. Segal Enterprises, Inc.***, **627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B.    Implied Warranties

9.      As a result of the sale of the HIGHLAND RIDGE by Defendant to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the HIGHLAND RIDGE would pass without objection in the trade under the contract description; and that the HIGHLAND RIDGE was fit for the ordinary purpose for which such motor vehicles are purchased.

10.     Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant.  Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.    Express Warranties

11.     In addition to the implied warranties that arose in the transaction, certain

representations and express warranties were made, including, that any malfunction in the HIGHLAND RIDGE, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the HIGHLAND RIDGE had, in fact, repaired the defects.

12.     Plaintiffs' purchase of the HIGHLAND RIDGE was  accompanied by express warranties offered by the Defendant and extending to the Plaintiffs.  These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the HIGHLAND RIDGE.

13.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the Defendant's warranty booklet and owners manual.

### D.     Actionable Conduct

14.     In fact, when delivered, the HIGHLAND RIDGE was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to, the following in Plaintiffs's own words:

> **"ANY NON-CONFORMITIES, DEFECTS AND CONDITIONS LISTED ON ANY REPAIR ORDER.**
>
> **A/C DEFECTS, NON-CONFORMITIES AND/OR CONDITIONS; AND**
>
> **SLIDING DOOR DEFECTS FROM BEDROOM TO THE BATHROOM WHICH IS TOO SMALL; AND**

**WALL PANELING NOT SECURED**

**CURRENTLY THE VEICLE HAS BEEN AT THE DEALERSHIP FOR WARRANTY REPAIRS SINCE JULY 21, 2022.**

15.    Since purchase, Plaintiffs have returned his HIGHLAND RIDGE to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the HIGHLAND RIDGE, the more significant and dangerous conditions were not repaired. Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the HIGHLAND RIDGE, continues to this day to exhibit some or all of the non-conformities described herein.

16.    The defects experienced by Plaintiffs with the HIGHLAND RIDGE substantially impaired its use, value and safety.

17.    Plaintiffs notified the Defendant of the defective conditions of the HIGHLAND RIDGE on numerous occasions.

### VI.    Causes of Action

**COUNT 1: VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

18.    Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

19.    Plaintiffs are "consumers" as defined in the DTPA.

20.    Defendant violated the following provisions of the DTPA:

a.    §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and

§17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs;

b.   §17.50(2): breach of express warranty, as defined in §2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiffs were deprived of substantial value of bargain because the defect was not corrected within reasonable time);

c.   §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 354 (Tex. 1987);

d.   §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

e.   §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

21.   Because of the inherent defects in the HIGHLAND RIDGE, which defects existed at the time the HIGHLAND RIDGE was sold although not discovered until later, the HIGHLAND RIDGE was not merchantable in that it would not pass without objection in the trade under the contract description and it was not fit for the ordinary purpose for which such recreational vehicles are used. Furthermore, Defendant failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant constitute a breach of the implied warranties described above, which breach is actionable under DTPA § 17.50(a)(2).

22.   When the HIGHLAND RIDGE was not repaired, the express warranties that it would be and had been repaired were breached. Defendant's breach of the express warranties is actionable under DTPA § 17.50(a)(2).

23.   Defendant's statements that the HIGHLAND RIDGE's defects would be and had been repaired misrepresented the characteristics, uses, benefits, standard and quality of Defendant's services. For this reason, these representations were false, misleading and deceptive as defined in

-6-

DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50(a)(1).

24.     The Defendant acts or practices in the selling and/or repairing of the HIGHLAND RIDGE to Plaintiffs were unconscionable actions or courses of action because they took advantage of the Plaintiffs's lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree. For this reason, this transaction was unconscionable and is actionable under DTPA § 17.50(a)(3).

25.     Plaintiffs further contends that Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA entitling Plaintiffs to seek civil penalties in trebling of his actual damages in accordance with the DTPA.

26.     This conduct was a producing and/or proximate cause of actual damages to Plaintiffs, as set forth below.

27.     The limited remedy in Defendant's warranty fails of its essential purpose and deprives Plaintiffs of the substantial value of the bargain because Defendant or its authorized dealerships did not correct the defects within a reasonable time. Tex. Bus. and Com. Code § 2.719. Therefore, any purported limitation of remedies is ineffective.

28.     The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

29.     This conduct was a producing and/or proximate cause of actual damages to Plaintiffs, as set forth below.

30.     As a direct and proximate result of Defendant's willful violation of their obligations under the DTPA, Plaintiffs have suffered actual, consequential and incidental damages, including but

not limited to money expended on the purchase of the , damages associated with the inconvenience suffered as a result of the complete failure of the  to operate properly, the loss of use of the  during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages, and attorneys' fees.  Plaintiffs have incurred and will continue to incur in order to protect their rights in this matter.  The precise amount of damages is unknown at the present time but is estimated to be in excess of $300,000.00 and will be shown according to proof at trial.  Attorneys' fees, loss of use, interest, and other damages continue to accrue.

31.     Under the DTPA, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    BREACH OF EXPRESS WARRANTIES**

41.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

42.     Th Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' HIGHLAND RIDGE or those similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendant issued an expressed written warranty which covered the HIGHLAND RIDGE and warranted that the HIGHLAND RIDGE, was free of defects in materials and work quality at the time of delivery.

-8-

43. As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiffs a HIGHLAND RIDGE that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

44. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

45. The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 3:    BREACH OF IMPLIED WARRANTIES**

46. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

47. The Defendant impliedly warranted that Plaintiffs's HIGHLAND RIDGE which it designed, manufactured, and sold, were merchantable and fit and safe for his ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

48. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the HIGHLAND RIDGE, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs.

49. Because of the defects, Plaintiffs' HIGHLAND RIDGE, is unsafe and unfit for use and has caused economic loss to the Plaintiffs. Therefore, the Defendant breached the implied warranty of merchantability.

50.    The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII.    Economic and Actual Damages

51.    Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

        a..    Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

        b.    Loss of use;

        c.    Loss of the "benefit of the bargain";

        d.    Diminished or reduced market value; and

        e.    Costs of repairs.

### VIII.    Multiple Damages

52.    The Defendant's conduct in violation of the DTPA was committed knowingly, as that term is defined in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

53.    Plaintiffs further shows that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

54.    Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code in an amount not to exceed three times the

-10-

amount of his economic damages.

## IX.    Attorney Fees and Costs

55.    Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs incurred and continue to incur legal fees, costs and expenses in connection therewith.

## X.    Prayer

56.    For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

   a.    For general, special and actual damages according to proof at trial;

   b.    Rescinding the sale of the 2022 JAYCO HIGHLAND RIDGE RV  bearing VIN 58TCH0BV4N3W33052 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c.    For incidental and consequential damages according to proof at trial;

   d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

   e.    Any diminution in value of the HIGHLAND RIDGE, attributable to the defects;

   f.    Past and future economic losses;

   g.    Prejudgment and post-judgment interest;

   h.    Damages for loss of use of vehicle;

   i.    Civil Penalties and/or Punitive damages;

-11-

j.      Damages for mental anguish;

k.      Attorney fees;

l.      Costs of suit, expert fees and litigation expenses; and

m      All other relief this Honorable Court deems appropriate.

### XI.    Demand for Jury Trial

57.    Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS

-12-